THE INTERNATIONAL FAIR & EXPOSITION ASSOCIATION v. HIRAM WALKER.

[See 83 Mich. 386; 88 Id. 62.]

*Corporations—Stock subscriptions—Estoppel—Waiver.*

1. This case is ruled by the decision on the former hearing, reported in 88 Mich. 62, in so far as the defendant was there held estopped from denying that he was a stockholder in the plaintiff

---

association, the evidence being substantially the same upon both trials; and, as to whether defendant had 'waived his right to require the full amount of the stock to be subscribed before he could be called upon to pay anything upon his stock, the jury were plainly given to understand that, before they could render a verdict for the plaintiff, they must find that the defendant intentionally waived said right, and that it was the intent of the stockholders, including the defendant, to proceed with the business of the corporation without waiting for the full amount of stock to be subscribed.

2. Defendant's requests to charge:

*a*—That the act under which the plaintiff is incorporated does not provide for or contemplate any preliminary agreement;

*b*—That the preliminary subscription paper in this case is not, of itself, sufficient to constitute the defendant a stockholder in the corporation, or to bind him to the payment of his subscription, but can only be regarded as a treaty or negotiation looking to a bargain, agreement, or contract yet to be made,—

Are held to have been substantially covered by the general charge.

Error to Wayne. (Hosmer, J.) Argued June 23, 1893. Decided October 13, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion, and in the former reports of the case.

*F. A. Baker ( William Aikman, Jr.,* of counsel), for appellant.

*Cowles & Jerome (Henry M. Campbell,* of counsel), for plaintiff.

HOOKER, C. J. This case has been twice before this Court. The main facts appear in those decisions, found in 83 Mich. 386, and 88 Id. 62. In the latter case it was held that the defendant could not be considered a stockholder unless by reason of an estoppel, arising from his participation as such in the proceedings and business of

the concern under circumstances that warranted the belief that he understood that he was such, and justified others in such belief. This Court held that the facts proved upon the former trial constituted such estoppel. Upon the last trial the circuit judge so instructed the jury, upon which instruction error is assigned.

The proof in the present case varies but little from that upon which such holding purports to be based. It is claimed that, at the date of the alleged estoppel, the amount subscribed for the enterprise was less than $250,000, and that upon the former hearing in this Court it was supposed to exceed that sum. Again, it is alleged that, since such hearing, it has been discovered, and now appears, that the articles of association were recorded in the office of the county clerk before being sent to the office of the Secretary of State, in consequence of which the certificate of the secretary was not recorded in the office of the county clerk. However these things may be, they are not important, the question of priority of record being of a technical character, if, indeed, such record is a prerequisite to incorporation, and the difference of five or six thousand dollars in the size of the subscription in no way affecting the principle involved. The articles placing the capital stock at $500,000, the defendant was under no obligation to subscribe them, or to participate in the management of the affairs of the corporation; but, if the doctrine of estoppel is applicable, he could as easily make himself a member if the amount was $240,000 as though it were $250,000. Upon the former hearing the Court said:

"There is no dispute upon the testimony in this record that defendant attended what was considered as a meeting of the subscribers to the capital stock, which included those who had joined in the organization, and others like him, who had agreed to subscribe for and take stock in

the corporation. · He acted, to all intents· and purposes;, as a stockholder upon the occasion, and for the purpose of considering a corporate act.   I think there can be no question but that the corporation recognized him as a stockholder and member, and that he recognized that relation himself.   The estoppel, so far as membership is concerned; is mutual and binding upon both parties."

· The evidence being substantially the same upon the last trial, the circuit judge could do no less than instruct the jury that the defendant was estopped from denying that he was a stockholder, subject, like his associates, to assessment upon the stock subscribed by him, if his conduct constituted a waiver of his right to insist upon the subscription of the full capital stock as a prerequisite to such assessment.   The court submitted to the jury the question whether the defendant waived his right to require the full amount of the stock to be subscribed before he should be called upon to pay anything upon his stock.   He instructed the jury as follows:

" He was not liable to be assessed upon his stock unless he had waived the condition upon which such assessments in a corporation like this are based, and that is, the whole capital stock must be first subscribed. · , Did he intend by what he did to waive that condition?   The burden of proof is upon the plaintiff to show the waiver.   The plaintiff must first show that the defendant had a knowledge of the facts from which the intention can be inferred to waive the right given him by law.   Waiver is voluntary, and implies an election to dispense with something of value, or forego some advantage which he might, at his option, demand or insist upon.   Now, the question of waiver is one of intent, and is a proper subject of inference from surrounding circumstances, and may be proved by circumstances as well as by direct testimony; and, where it is claimed to be established by conduct and circumstances from which different minds might draw different conclusions, the question whether waiver is made out or not is one for the jury.   Whether the defendant intended to waive the requirement. that all the stock should be subscribed before he was called upon to pay .would depend .upon the

knowledge which he had that it had not all been subscribed, and, further, upon the acts and conduct of the defendant tending to show that he was willing and desirous that the main purposes of the corporation should be proceeded with without such stock being subscribed. I do not think this case establishes conclusively these facts, and the whole testimony tending to show waiver is a question for your consideration. If you believe, with reference to that, that Mr. Walker attended that meeting; that it was stated in the meeting on that occasion that the entire stock had not been subscribed; or, in other words, if it was stated that the corporation had been capitalized at the sum of $500,000; and if you find that Mr. Walker understood that fact, and understood that at least half had been subscribed; and if you find, gentlemen of the jury, in addition to that, from his conduct on that occasion, from his voting, from the evidence that there is in the case, that he was willing that the general purposes of the corporation should be proceeded with, and voted upon his stock with that purpose and that idea,—why, unquestionably, Mr. Walker would be held to have waived the privilege that he had of insisting that the entire capital stock should be subscribed before an assessment should be made; but if you believe, on the contrary, gentlemen of the jury, that it was not understood by Mr. Walker,—because, from the mere fact that it was stated in the meeting. I do not think that it is conclusive evidence that Mr. Walker understood it or heard it,—if you do not believe that he had this knowledge, or if you do not believe from the evidence in this case that it was the intent of Mr. Walker to waive the right which he had to insist that all the capital stock of the corporation should be subscribed, then, gentlemen of the jury, it is your duty to render a verdict for the defendant. * * *

"*Court:* There is no question about that. In the record before there is no evidence that Mr. Walker knew; but, at the same time, you have got to take the law as I give it to you, gentlemen, with reference to that, and there is the same question involved in this case, with reference to that, that was in evidence before. The fact that there was a little more evidence in this case than there was in the prior record does not take it away from the jury. That is a mere matter in the history of the case, and I do not think it is controlling, because I have submitted the question of waiver squarely for your determination upon the matter. I am asked to charge you, with refer-

ence to that, that even if it be true, as testified by the
defendant, that the person who called upon Mr. Walker
for his subscription told him he might have ample time to
examine the sites, that of course cannot affect his liability
as a stockholder, because, as I said before, he became,
under the opinion of the Supreme Court, bound as a
stockholder, having attended and voted at a meeting of
the stockholders; but whether he intended to waive his
rights, and whether he did waive his rights, under those
circumstances, by his action at that meeting, and by his
actions as given, as shown by the testimony in this case,
gentlemen, as I said before, it is a question for you. If
he be liable, then your verdict should be for the plaintiff
for $6,035.85. If he is not liable, your verdict will be as
usual in such cases,—no cause of action."

The brief of counsel says upon this subject:

"The only fault I have to find with the foregoing charge
is that it calls attention particularly to the question whether
it was stated at the meeting that the capital stock had been
fixed at $500,000, and leaves it to the jury to say whether
they find that Mr. Walker heard it, thereby giving them
the impression that, if they find he did hear it, the ques-
tion of waiver should be decided against him. It is true
the charge contains language indicating that it was neces-
sary to find 'in addition to that,' from the evidence, that
he intended to waive his right to a full subscription; but
that was a mere statement of the general question, and it
was somewhat obscured by the particularization mentioned."

We think that the charge plainly gave the jury to under-
stand that, before they could render a verdict for the plaint-
iff, they must find that the defendant intentionally waived
his right to require the full capital stock to be subscribed
before assessment, and that it was the intent of the stock-
holders, including defendant, to proceed with the business
of the corporation without waiting for the full amount to
be subscribed.

Error is assigned upon the refusal of the court to give
defendant's second and third requests. They are as follows:

"2. The act under which the plaintiff is incorporated

does not provide for or contemplate any preliminary agreement.

"3. The preliminary subscription paper in this case is not, of itself, sufficient to constitute the defendant a stockholder in the corporation, or to bind him to the payment of his subscription. It can only be regarded as a treaty or negotiation looking to a bargain, agreement, or contract yet to be made."

The court covered the substance of these requests. He told the jury that the defendant was estopped from denying that he was a stockholder, but that he was under no obligation to pay an assessment unless he had participated in corporate action in a way which showed an intention to waive his right to refuse. The subscription itself, and all that was said or done about it, were circumstances throwing light upon this intention, and the court would have been warranted in so saying to the jury.

The fourth request was given, in substance, when the judge said to the jury:

"He was not liable to be assessed upon his stock unless he had waived the condition upon which such assessments in a corporation like this are based, and that is, the whole capital stock must be first subscribed."

The sixth point made by the brief for defendant is that—

"The court erred in ruling that the plaintiff became a corporation *de facto*, and that defendant could not raise the question whether the articles of association were filed as required by law."

This point is covered by what has been already said. See Mor. Priv. Corp. § 741.

The judgment will be affirmed.

The other Justices concurred.